The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVAN NEALE, a Washington resident,

Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation,

Defendant.

NO. 2:23-cv-00426-JHC

**STIPULATED PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material may include the following documents and tangible things produced or otherwise exchanged: medical information; personnel data of the parties or their

STIPULATED PROTECTIVE ORDER - 1
2:23-cv-00426-JHC


Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224  |  Fax 206.583.0359

4880-7806-3247.1

employees; wage information; tax or financial information; proprietary business information; business policies and procedures; settlement communications; and records prohibited from disclosure by statute or rule.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so

STIPULATED PROTECTIVE ORDER - 2
2:23-cv-00426-JHC

RS  Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224  |  Fax 206.583.0359

4880-7806-3247.1

designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224   |   Fax 206.583.0359

4880-7806-3247.1

party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.

(b)   Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

STIPULATED PROTECTIVE ORDER - 4
2:23-cv-00426-JHC

RS   Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224  |  Fax 206.583.0359

4880-7806-3247.1

(c)      Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3      <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

5.4      <u>Retroactive Designation as Confidential</u>. The parties may retroactively designate any documents disclosed prior to the entry of this Stipulated Protective Order as Confidential. Upon timely designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1      <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224  |  Fax 206.583.0359

1   effort to confer requires a face-to-face meeting or a telephone conference.

2         6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

3   intervention, the designating party may file and serve a motion to retain confidentiality under

4   Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

5   persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

6   made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

7   other parties) may expose the challenging party to sanctions. All parties shall continue to

8   maintain the material in question as confidential until the court rules on the challenge.

9   7.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

10  <u>LITIGATION</u>

11        If a party is served with a subpoena or a court order issued in other litigation that

12  compels disclosure of any information or items designated in this action as

13  "CONFIDENTIAL," that party must:

14        (a)    promptly notify the designating party in writing and include a copy of the

15  subpoena or court order;

16        (b)    promptly notify in writing the party who caused the subpoena or order to issue

17  in the other litigation that some or all of the material covered by the subpoena or order is subject

18  to this agreement. Such notification shall include a copy of this agreement; and

19        (c)    cooperate with respect to all reasonable procedures sought to be pursued by the

20  designating party whose confidential material may be affected.

21  8.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

22        If a receiving party learns that, by inadvertence or otherwise, it has disclosed

23  confidential material to any person or in any circumstance not authorized under this agreement,

24  the receiving party must immediately (a) notify in writing the designating party of the

25  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

26  protected material, (c) inform the person or persons to whom unauthorized disclosures were

STIPULATED PROTECTIVE ORDER - 6
2:23-cv-00426-JHC

RS  Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224  |  Fax 206.583.0359

4880-7806-3247.1

made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.     NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

The parties recognize that electronically produced information results in copies made due to back up and archive protocols and no party can guaranty that every copy has been found and deleted. Therefore, the parties commit to use best reasonable efforts to delete confidential information instead of returning it. The parties will use best reasonable efforts to delete confidential information from document review/management programs and will use best reasonable efforts to destroy any hard copies made of confidential information as well as confidential ESI stored in other locations.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

STIPULATED PROTECTIVE ORDER - 7
2:23-cv-00426-JHC

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224  |  Fax 206.583.0359

4880-7806-3247.1

1       The confidentiality obligations imposed by this agreement shall remain in effect until a

2  designating party agrees otherwise in writing or a court orders otherwise.

3       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5  DATED:   November 7, 2023        _s/ Jason L. Simmons_

                                      C.N. Coby Cohen, WSBA No. 30034

6                             Jason L. Simmons, WSBA No. 39278

                             Rossi Vucinovich P.C.

7                             1000 Second Avenue, Suite 1420

                             Seattle, WA 98104

8                             (206) 646-8003

                             ccohen@rvflegal.com;

9                             jsimmons@rvflegal.com

                             Attorneys for Plaintiff

10

11  DATED:  November 8, 2023        _s/ Britenae Pierce_

                             Britenae Pierce, WSBA No. 34032

12                             Julia J. Fleming, WSBA No. 58743

                             401 Union Street, Suite 1500

13                             Seattle, Washington  98101

                             (206) 464-4224

14                             pierce@ryanlaw.com;

                             jfleming@ryanlaw.com

15                             Attorneys for Defendant

16       PURSUANT TO STIPULATION, IT IS SO ORDERED

17       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of

18  any documents, electronically stored information (ESI) or information, whether inadvertent or

19  otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal

20  or state proceeding, constitute a waiver by the producing party of any privilege applicable to

21  those documents, including the attorney-client privilege, attorney work-product protection, or

22  any other privilege or protection recognized by law.

23       DATED:__November 8, 2023__

24

25                             The Honorable John H. Chun

                             United States District Court Judge

26



**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Neale v. BNSF Railway Company*, Case No. 2:23-cv-00426-JHC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____



1

2

**CERTIFICATE OF SERVICE**

3

        I HEREBY CERTIFY, that on the 8th day of November, 2023, I electronically filed the

4

foregoing with the Clerk of the Court using the CM/ECF system, which in turn automatically

5

generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users

6

of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of

7

electronic notice.

8

9

                                        *s/Kimberly Paul*
                                        Kimberly Paul, Legal Assistant

10

                                        paul@ryanlaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26


Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224  |  Fax 206.583.0359